UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

MICHAEL FEGLEY, JR. a.k.a. MICHAEL FEGLEY,                    5:24-cr-408 (BKS/MJK)

Defendant.

---

**Appearances:**

*For the United States of America:*
Carla B. Freedman
United States Attorney
Paul J. Tuck
Assistant United States Attorney
United States Attorney's Office
Northern District of New York
100 South Clinton Street
Syracuse, New York 13261

*For Defendant Michael Fegley, Jr.:*
Lisa A. Peebles
Federal Public Defender
Randi Juda Bianco
Assistant Federal Public Defender
Office of the Federal Public Defender
4 Clinton Square, Third Floor
Syracuse, New York 13202

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

On September 11, 2023, a criminal complaint was filed in the Northern District of New York alleging that Defendant Michael Fegley attempted to entice a minor to engage in sexual activity and travelled within interstate commerce with a motivating purpose to engage in illicit sexual conduct in violation of 18 U.S.C. § 2422(b) and 18 U.S.C. § 2423(b), respectively. (Dkt. No. 1). On September 24, 2024, United States Magistrate Judge Mitchell J. Katz ordered that

Defendant Fegley be committed to the custody of the Attorney General for a psychiatric or psychological examination pursuant to 18 U.S.C. § 4241(a) and 18 U.S.C. § 4247(b) to determine his mental competency. (Dkt. No. 32). A federal grand jury returned a four-count indictment against Defendant on October 2, 2024, charging him with attempting to entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b), traveling with the intent to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b), transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1) and possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). (Dkt. No. 33).

A forensic evaluation dated December 6, 2024, prepared by Dr. Ashley Jenkins concluded that Defendant was not mentally competent to stand trial. (Dkt. No. 42). Magistrate Judge Katz held a competency hearing on January 8, 2025, where the Defendant and Dr. Jenkins testified. Following this hearing, on January 17, 2025, Magistrate Judge Katz issued a thorough Report-Recommendation summarizing the testimony at the hearing, Dr. Jenkins' report, Magistrate Judge Katz's own impressions from the hearing, and the applicable law. (Dkt. No. 43). After considering all of the evidence, Magistrate Judge Katz recommended that the Court find that Defendant is suffering from a mental disease, Unspecified Schizophrenia Spectrum Disorder, and that Defendant does not have the mental capacity to assist legal counsel in his defense, nor can he rationally make decisions regarding legal strategy. (*Id.* at 15). Magistrate Judge Katz recommended that Defendant be committed to the custody of the Attorney General to be hospitalized in accordance with, and for the purposes prescribed by 18 U.S.C. § 4241(d). (*Id.*).

Objections to the Report-Recommendation were due by February 3, 2025, and none have been filed. As no objections to the Report-Recommendation have been filed, and the time for filing objections has expired, the Court reviews the Report-Recommendation for clear error. *See*

*Petersen v. Astrue*, 2 F. Supp. 3d 223, 229 (N.D.N.Y. 2012); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. The Court has reviewed the Report-Recommendation for clear error and found none.

Accordingly, the Court adopts Magistrate Judge Katz's Report-Recommendation in its entirety.

For these reasons, it is

**ORDERED** that the Report-Recommendation (Dkt. No. 43) is **ADOPTED**; and the Court finds, by a preponderance of the evidence, that Defendant is presently suffering from a mental disease, Unspecified Schizophrenia Spectrum Disorder, rendering him mentally incompetent to the extent that he is unable to assist properly in his defense; and it is further

**ORDERED** that based upon the foregoing finding, pursuant to 18 U.S.C. § 4241(d), Defendant is committed to the custody of the Attorney General, who shall hospitalize Defendant for treatment in a suitable facility:

(1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and

(2) for an additional reasonable period of time until – (A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or (B) the pending charges against him are disposed of according to law; whichever is earlier; and it is further

**ORDERED** that when the director of the facility in which Defendant is hospitalized determines that Defendant has recovered to such an extent that he is able to understand the nature

and consequences of the proceedings against him and to assist properly in his defense, the director shall promptly file a certificate to that effect with the clerk of this Court.

**IT IS SO ORDERED.**


Dated: February 6, 2025
       Syracuse, New York

*Brenda K. Sannes*
Brenda K. Sannes
Chief U.S. District Judge

4